AUG - 1 2013

UNITED STATES DISTRICT COURT
OF CONNECTICUT

FILED
2013 AUG -1  P 2:43
U.S. DISTRICT COURT
BRIDGEPORT, CONN

WILLIAM B. COLEMAN           :   Civil Case Number:
    (Plaintiff)              :   3:13CV1103 (RNC)
                             :
v.                           :
                             :
CONNECTICUT DEPARTMENT       :
OF CORRECTIONS               :
    (Defendant)              :   DATE: July 29th, 2013

COMPLAINT

I. INTRODUCTION

1. This action is brought on behalf of the plaintiff pursuant to Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. §12131-12134, and arises from the defendants refusal to confirm the plaintiffs disabilities, during his incarceration, hence, guarantee necessary accommodations.

2. Defendants actions and inactions have caused the plaintiff to suffer serious harm and will continue to cause him harm in the future. To redress the defendants past and continuing violation of federal law, the plaintiff seeks declaratory and injunctive relief and compensatory damages.

II. JURISDICTION AND VENUE

[1.]

3. This Court has subject matter jurisdiction over this action pursuant to 28 USC §1331 & §1343. The plaintiff's actions are authorized in this court by 29 USC §794; 42 USC §1983; & 12133.

4. The venue is proper in the US District Court of Connecticut since the events that give rise to this Complaint occurred within the District.

## III. PARTIES

5. The plaintiff, William B. Coleman, is an inmate in a Connecticut Correctional facility - MacDougall CI.

6. The defendant, Department of Corrections (DOC) of Connecticut, is the state agency responsible for overseeing the operations of correction facilities, including complying with Federal laws. The defendant is sued in its official capacity for actions and omissions taken under color of state law.

## IV. FACTS

7. The plaintiff has significant physical impairment that substantially limits him. The plaintiff has a "brain aneurysm" which he suffers severe migraines when he is put under constant artificial illumination such as fluorescent lights (including its omitting frequency).

2.

8. The plaintiff has significant psychological problems that substantially limits him. The plaintiff was assaulted:
   a. physically — by another inmate inside the cell to which he sustained bruising on his chest
   b. sexually — by another inmate. The plaintiff was placed in a single cell "suicide" cell (although he has <u>never</u> been suicidal, even per the DOC own experts), yet an actual suicide inmate was placed in the cell with him. Whereupon the plaintiff was sexually assaulted. The plaintiff, in a <u>very</u> weak medical state, could not defend himself. It took 30 to 45 minutes to get help.
   c. virus — by another inmate who was also an actual suicidal inmate. Because of the plaintiffs <u>very</u> weak medical condition his immune system was extremely low. The other inmate gave the plaintiff MRSA.

9. The plaintiff exhausted his administrative remedies by filing the in-house ADA and appeals.

V. <u>CLAIMS</u>   (paragraphs 1 through 9 are incorporated herein)

10. The defendant DOC receives federal financial assistance.

11. The defendant DOC is in violation of "Title II of the ADA" by:

3.

a. refusing to confirm and make permanent modifications in its policies, practices, or procedures when necessary to avoid discriminating against the plaintiff on the basis of disability.

b. excluding him from, and denying him, the benefits of being free from the "wanton infliction of pain", "cruel and unusual punishment" and the "deliberate indifference" associated with it.

12. This Complaint is brought against the defendant DOC official capacity, operated and administered as a public entity, subject to Title II of the ADA, 42 U.S.C. § 12131(1)(B).

13. Defendant DOC, through their employees and agents, violated Title II of the ADA, 42 U.S.C. § 12132

VI. RELIEF REQUESTED

The plaintiff respectfully requests the Court:

a. enter an order declaring that the defendant DOC's discriminatory practices, as set forth in this Complaint, violates, respectively, Title II of the ADA.

b. enter an order for appropriate declaratory and injunctive relief

4.

c. award compensatory damages against the defendant DOC on the Plaintiff's section ADA claim

d. award the plaintiff any attorneys' fees, litigation costs and expenses.

and: e. grant all other relief that the Court finds necessary and appropriate.

Respectfully Submitted,

WB Coleman     7/29/ , 2013
                                    DATE

William B. Coleman (305106)
MacDougall CI. 1153 East Street South, Suffield, CT 06080
860: 292 4211 / 627 2228 / 627 2100

5.